**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Morales-Hernandez, | No. CV-20-00091-TUC-RCC |
| Petitioner, | No. CR-18-01457-RCC-BGM-1 |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

Pending before the Court is Petitioner Luis Morales-Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody. (Doc. 1 in Case No. CV-20-00091-TUC-RCC ("CV"); Doc. 47 in Case No. CR-18-01457-RCC-BGM-1 ("CR").)[1] Respondent filed a response to the petition. (Doc. 8.) Petitioner did not file a reply.

### *I.    Factual and Procedural History*

Petitioner was indicted on one count of illegally reentering the United States on June 30, 2018, in violation of 8 U.S.C. § 1326(a). (Doc. 7.) The charge was enhanced by 8 U.S.C. § 1326(b)(2) due to a previous removal on May 2, 2017 from San Ysidro, California. (*Id.*) Petitioner was appointed counsel, (Doc. 4), who later filed a motion to withdraw. (Doc. 12.) At the hearing for the motion, defense counsel informed the Magistrate Judge that Petitioner wanted new counsel appointed because his range under the United States Sentencing Guidelines ("USSG" or "Guidelines") was extremely high

---

[1] Unless otherwise noted, citations reference Morales-Hernandez's criminal case CR-18-01457-RCC-BGM-1.

and he was unsatisfied with the resulting plea agreement range. The Magistrate Judge informed Petitioner that it was irrelevant which attorney he was provided; no attorney could erase Petitioner's extensive criminal history. Nevertheless, the judge permitted counsel to withdraw and appointed new counsel. (Doc. 23.) Petitioner then pled guilty to reentry with an enhancement on February 8, 2019. (Doc. 24.) The plea agreement stated the Petitioner was pleading guilty to reentry under 1326(a), with a possible sentencing enhancement under "1326(b)(1) or 1326(b)(2) for Reentry of Removed Alien." (*Id.* at 1.) During Petitioner's change of plea hearing, he stated that he understood the plea agreement and that his sentencing range could be up to 125 months' incarceration. (Doc. 50 at 3.)  Petitioner also confirmed that he had previously been removed from the country in 2017. (*Id.* at 5.)

The Presentence Report ("PSR") stated that Petitioner was charged with reentry after previously being excluded, and that this charge was enhanced by 8 U.S.C. § 1326(b)(2). (Doc. 41 at 3.) Petitioner had several prior convictions that affected his criminal history points: including Louisiana state burglary and theft convictions, a 2013 reentry conviction, and a federal felony marijuana conviction (*Id.* at ¶¶ 27-30.) These priors placed Petitioner in a criminal history category VI with a Guidelines range between 110-137 months' incarceration. (*Id.* at ¶ 69.)   However, the plea agreement reduced this range to 100-125 months' incarceration. *Id.*

Defense counsel filed a motion for variance, requesting the Court sentence Petitioner to a maximum 48 months' incarceration. (Doc. 42.) Counsel's motion focused on the § 3553 factors, arguing that Petitioner was a non-violent offender, that the sentence he faced did not fairly reflect his criminal history, and that a term of 48 months would serve the purposes of deterrence and prevent unwanted disparities in sentencing. (*Id.*)

At sentencing, Petitioner stated that he had discussed his case with his attorney in Spanish, and he understood the attorney without exception. (Doc. 51 at 2-3.) He professed that his attorney had explained the PSR and the Guidelines, and that he

understood his right to a jury trial, and affirmed he was waiving his right to appeal by proceeding with the plea agreement. (*Id.* at 3-4.)  He also admitted he reentered the United States without permission and when he did, he knew that reentry was a crime. (*Id.* at 9.) Finally, Petitioner acknowledged that he was aware of the sentencing range in the plea agreement of 92-105 months. (*Id.*)

The Court granted a downward variance, and sentenced Petitioner below the plea agreement range to 60 months' incarceration, with 3 years of supervised release to follow. (*Id.* at 12.)

## II.     Standard of Review

A petitioner may raise an ineffective assistance of counsel ("IAC") claim in a § 2255 habeas petition if the petitioner has not expressly waived this right. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). A successful IAC claim must demonstrate both that counsel's performance was deficient, and that the petitioner suffered prejudice because of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). To be ineffective, counsel's assistance must have been objectively unreasonable. *Id.* at 688. In its analysis, "[the] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689). Moreover, prejudice occurs when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

In addition, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from

counsel was [deficient]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

### III. Ground One

Ground One of Petitioner's § 2255 Habeas Petition alleges counsel rendered ineffective assistance because counsel failed to inform Petitioner that he was subject to a sentencing enhancement. (CV Doc. 1 at 4.) Petitioner believes, without explaining why, he should only have a total offense level of 14, with 8 criminal history points, resulting in a sentencing range of 27-33 months. (*Id.* at 4.) Petitioner claims his plea was involuntary because counsel did not make him aware that any enhancements applied, and because no facts were alleged supporting the enhancements. (*Id.*)

Petitioner has not demonstrated that counsel's actions were ineffective or that he was prejudiced by an alleged miscalculation. Petitioner was well aware that he faced a long sentence given his criminal history; both his original counsel and the magistrate judge informed him that his previous criminal record was elevating his sentencing range significantly.

Furthermore, Petitioner has not explained how he has formulated the lesser sentencing range. The PSR shows that Petitioner had a base offense level 8 for the illegal reentry under U.S.S.G. § 2L1.2. (Doc. 41 at 4, ¶ 14.) He was given +4 for committing the offense after being convicted for a felony illegal reentry offense. (*Id.* at 5 ¶ 15.) Petitioner admitted that he had previously entered the country illegally and subsequently been removed. (Doc. 51 at 9.) Petitioner had two prior felony convictions, one for burglary and one for theft of over $500.00, both committed in Louisiana-this added +8 points. (Doc. 41 at 5, ¶ 16.) In addition, Petitioner received +8 points for a possession with intent to distribute marijuana in the District of Arizona. (*Id.* at ¶ 17.) This resulted in an adjusted offense level of 28. (*Id.* at ¶ 21.) He received -3 points for acceptance of responsibility, and so his total offense level was 25. (*Id.* at ¶ 23-24.) His previous criminal history resulted in 12 criminal history points, and a criminal history category VI. (*Id.* at 8, ¶ 33.) Therefore, Petitioner's Guidelines range prior to the plea agreement was 110-137

months' incarceration, not the 27-33 months he alleges. Failing to notify Petitioner of a sentence he was not eligible for was not deficient.

Furthermore, Petitioner's claim that he was unaware he was subject to an enhancement lacks credibility. At sentencing, Petitioner indicated that he had reviewed the PSR and plea agreement with his attorney, and had no difficulty understanding his attorney's explanations. (Doc. 51 at 2-3, 9.) The plea indicated that an enhancement of up to 92-125 months' incarceration was a possibility. (Doc. 24 at 1-2, 8.) Petitioner signed the plea and indicated it had been read to him and he understood the contents. (*Id.*) The PSR clearly indicated under which offenses his sentence would be enhanced. Petitioner did not object to the factual statements in the PSR and did not indicate he had difficulty understanding the terms of the plea or the PSR.

It seems that Petitioner is trying to argue that his priors should not have been counted towards his criminal history because of subsequent changes to the law that affected sentences based on the categorical approach. Petitioner alleges that he should be able to be resentenced without any enhancements for "priors of WEED UNDER USSG Amendment 808 or Burglarie (sic) *Johnson*, *Dimaya v. Sessions*, *Descamps*, *Mathis*." (CV Doc. 1 at 4.) Amendment 808, as explained by Respondent, is inapplicable to Petitioner's sentence. (*See* Doc. 8 at 8.) Moreover, Petitioner's attempt to reduce his sentencing range based on a change in law is inapposite to his situation because by the time he was sentenced on August 29, 2019, the Guidelines no longer used the categorical approach. *See* Amendments to the Sentencing Guidelines, April 28, 2016, at 24. Petitioner, therefore, cannot demonstrate that counsel's performance was deficient, or that he was prejudiced.

///
///
///
///
///

### IV. Grounds Two and Three

Second, Petitioner claims that counsel was ineffective for failing to argue to the Court that his 2008 burglary and 2014 marijuana convictions were not deportable offenses and could not be used for the purpose of enhancement. (CV Doc. 1 at 5.)

Petitioner's sentence was enhanced pursuant to 8 U.S.C. § 1326(b)(2), which applies to a defendant "whose removal was subsequent to a conviction for an aggravated felony." 8 U.S.C. § 1326(b)(2). In 2015, Petitioner was convicted of federal felony possession with intent to distribute marijuana. *Morales-Hernandez v. United States*, Doc. 44, CR-14-01954-RM-2 (D. Ariz. Apr. 20, 2015). The possession of marijuana conviction constituted an aggravated felony that subjected him to mandatory removal. *See United States v. Gonzalez-Corn*, 807 F.3d 989, 993 (9th Cir. 2015). Subsequently, Petitioner was removed on May 2, 2017, this was the prior deportation charged in the indictment. (Doc. 7.) Therefore, defense counsel had no reasonable basis to attack the underlying offense that subjected Petitioner to mandatory deportation, and his representation was not ineffective. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law.").

In Ground Three, Petitioner alleges that defense counsel should have collaterally attacked the indictment by challenging the validity of the underlying removal proceeding in accordance with 8 U.S.C. § 1326(d). (CV Doc. 1 at 7.) "Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause." *Gonzalez-Corn*, 807 F.3d at 993 (quoting *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). However, a defendant may not launch a collateral attack on an underlying deportation order unless he can show he has exhausted his administrative remedies, the "deportation proceedings . . . improperly deprived [the defendant] of the opportunity for judicial review," and "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

- 6 -

It appears that Petitioner may be attempting to argue that the 2017 deportation proceedings were fundamentally unfair because his prior convictions should not have subjected him to deportation. However, as noted above, his prior drug trafficking conviction constituted an aggravated felony which called for mandatory deportation. *See Gonzalez-Corn*, 807 F.3d at 993. Petitioner has not shown that the underlying deportation was fundamentally unfair, nor alleged that the underlying deportation lacked judicial review. Thus, Petitioner cannot show he was prejudiced, and counsel's failure to raise these non-meritorious issues was not ineffective. *See Lowry v. Lewis*, 21 F.3d at 346.

## V.   Ground Four

In Ground Four, Petitioner claims counsel was ineffective for failing to challenge the mens rea element of the re-entry offense. (Doc. 1 at 8.) He believes since he simply wandered into the country unknowingly, counsel should have argued one of the elements was missing. (*Id.*) Petitioner's own concessions at sentencing belie this assertion. *See* Doc. 24 at 8; Doc. 50 at 5; Doc. 51 at 2, 5.) Where the allegations of a petitioner contradict statements made in court, credibility must be assessed. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Petitioner admitted in Court that he knew crossing into the country was illegal when he did it, his subsequent recanting is unpersuasive. Counsel's failure to suggest Petitioner was factually innocent of reentry, therefore, did not constitute ineffective assistance of counsel.

Likewise, insofar as Petitioner alleges he was ill advised about his right to appeal, the record reflects otherwise. (*See* Doc. 50 at 3; Doc. 51 at 4.)

In conclusion, Petitioner has raised no viable claims for relief under 8 U.S.C. § 2255. Therefore, IT IS ORDERED:

1. Petitioner Luis Morales-Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is DENIED. (Doc. 1 in Case No. CV-20-00091-TUC-RCC; Doc. 47 in Case No. CR-18-01457-RCC-BGM-1.)

///

2. Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk of Court shall docket accordingly and close the case file in this matter. Dated this 30th day of July, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge